<hr />

## SCHIEFFELIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 25, 1898.)

### No. 31.

CUSTOMS DUTIES—CLASSIFICATION—BOOKS FOR GRATUITOUS PRIVATE CIRCULA-TION.

Books published by an individual for gratuitous private circulation were entitled to free entry, under paragraph 410 of the act of 1894, though such distribution was intended to promote the sale of an article manufactured by the publisher.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal by Schieffelin & Co. from a decision of the board of general appraisers in respect to the assessment of duty on certain books imported by them. The circuit court affirmed the decision of the board, and the importers have appealed.

Stephen G. Clarke, for appellants.
Henry C. Platt, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The question in this case is whether the importations in controversy were exempt from duty, under that provision of the tariff act of August 28, 1894 (paragraph 410), providing that "books * * * and scientific books * * * devoted to original scientific research, and publications of individuals for gratuitous private circulation," should be entitled to free entry.

The importations were books, the publication of an individual, treating of various subjects relating to Norway, its fishermen and fisheries, its customs, to Moller's Cod-Liver Oil, and containing some matter of scientific research original with the author. It was published, not for general circulation or for sale, but for gratuitous distribution to such selected persons, principally physicians and others who might become interested in Moller's Cod-Liver Oil, as should be designated by the publisher or his friends. The publisher doubtless expected by its distribution to promote the sale of his cod-liver oil, by enlightening those who might read it in regard to the valuable properties of that article.

This circumstance, however, is not material. The books were imported for gratuitous private circulation, and, if this was done in the effort to accomplish some ulterior object of interest to the publisher, the statute does not condemn it, or make it in any sense a test of the dutiable character of the books.

We observe that one of the protests upon some of the importations states as the ground for objection to the collector's classification that they are "scientific books, devoted to original scientific research," while the protest upon some of the other importations states as the ground of objection that the books are "the publication of an individual, for gratuitous private circulation."   The first of these protests is not well founded.   The books were not devoted to original scientific research.   It may be that a book is entitled to free entry under the statute if it is one principally devoted to topics of original scientific research, although incidentally it treats other topics; but a book like the importations is not within that catalogue.   That was not its primary or principal theme.   The board of general appraisers and the circuit court, in their decisions, seem to have considered this protest only, and to have overlooked the other protest. The importations covered by the other protest were entitled to free entry.

The decisions of the circuit court and of the board of general appraisers are accordingly reversed.