## ROGER & GALLET *v.* UNITED STATES (No. 1373).[1]

1. PUBLICATIONS UNDER PARAGRAPH 517, TARIFF ACT OF 1909.

    The term "publications" in paragraph 517, tariff act of 1909, must be held to apply to importations of the same general class or type as those mentioned in the preceding provisions of the paragraph.

2. ADVERTISING MATTER.

    To admit purely advertising matter under that paragraph would extend the meaning beyond the fair import of the language employed.—Schieffelin *v.* United States (84 Fed., 880) distinguished.

## United States Court of Customs Appeals, November 27, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34934 (T. D. 34219).

[Affirmed.]

*B. A. Levett* for appellants.

*Bert Hanson,* Assistant Attorney General (*Henry H. Childers,* special attorney, on the brief), for the United States.

    Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise in question consists of a pamphlet issued by the importers describing and advertising their perfumes, toilet water, etc. The articles were assessed for duty at 25 per cent ad valorem under paragraph 416 of the act of 1909, which imposes a duty of 25 per cent on "books of all kinds, bound or unbound, including blank books, slate books, and pamphlets, * * *." The importer claimed free entry under paragraph 517 of the act, which reads as follows:

* * * All hydrographic charts, and publications issued for their subscribers or exchanges by scientific and literary associations or academies, or publications of individuals for gratuitous private circulation, and public documents issued by foreign Governments.

The board overruled the protests and the importer appeals. Reliance is placed upon the cases of Schieffelin *v.* United States (84 Fed., 880); United States *v.* Badische & Co. (3 Ct. Cust. Appls., 528; T. D. 33170); United States *v.* Gips (4 Ct. Cust. Appls., 458; T. D. 33879).

It will be noted that in each of these cases the publications involved were printed books which contained matter of general information, one as to the uses of cod-liver oil, one as to the method of using dyestuffs, and the third a fund of general information in regard to Holland. In each instance, however, the information conveyed by the book was accompanied by matter which was in the nature of advertising matter and supposed to benefit the publisher.

On the other hand, the court in Matheson *v.* United States (99 Fed., 261) held that samples of cloth goods arranged on cardboards with printed descriptions of the goods around the samples, and the boards folded into book form with short explanations at the beginning, for

---

[1] Reported in T. D. 34973 (27 Treas. Dec., 585).

gratuitous distribution, were not, in any proper sense, publications of books, maps, charts, etc., but rather exhibitions of samples for advertising purposes.

This case was followed by the board in T. D. 22143, in which the board distinguished the case of Schieffelin v. United States, *supra*, by saying that in that case the articles in question were books which, though intended for advertising purposes, contained some matter of scientific research original with the author and were not intended for general distribution, but for private circulation.

We think this case distinguishable from the cases relied upon by the importer in this, that the article in question is not, in the sense in which the term is employed in paragraph 517, a *publication*. The term "publications" should be held to be of the same general class or type as that mentioned in the preceding provisions of the paragraph. All of those mentioned are publications which are intended to convey some information of a general character. It is true that in the cases cited it has been held that such books, which contain matter of general interest, may still fall within the provisions of paragraph 517, other conditions being present, although they contain, in addition to such matter of general interest, advertising matter. We think, however, that to admit purely advertising matter under this paragraph would recognize an extension of its meaning beyond the fair import of the language, and would accord to the term "publications" a meaning not intended, as evinced by the connection in which it is employed.

The decision of the board is *affirmed*.