SMITH & CO. *v.* UNITED STATES (No. 1380). LA MONTAGNE'S SONS *v.* UNITED STATES (No. 1381).[1]

CATALOGUES—ADVERTISING MATTER GRATUITOUSLY CIRCULATED.

These importations were trade publications used for advertising purposes and they were distributed gratuitously and generally to the public. They did not come within the provision for free entry contained in paragraph 517, tariff act of 1909.

### United States Court of Customs Appeals, February 23, 1915.

APPEAL from Board of United States General Appraisers, Abstract 34903 (T. D. 34219), Abstract 34931 (T. D. 34219).

[Affirmed.]

*B. A. Levett* for appellants.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court: These two cases were heard together, the question in each being whether certain diaries and Christmas books are entitled to free entry under paragraph 517 of the act of 1909.

In the Smith case, the importers' witness testified in answer to the question—

Q. For what purpose are the books and pamphlets sent to you?—A. To be used as advertising matter; as an advertising medium.

Q. What do you do with them when you get them here?—A. Distribute them to the various grocers throughout the country.

Q. To what class of people?—A. I distribute these diaries to various buyers or members of firms who do business with us; Christmas books I give to the retail grocers in the trade to distribute to the children.

Q. Are any charges made for the publication?—A. No charge.

Q. You send them out yourself from your place?—A. We do.

He testified also that they imported about 2,500 diaries and 11,000 Christmas books, and on cross-examination stated:

Q. You give each of these to anybody that wants one, I suppose?—A. Well, we give the diaries to any respectable person that asks for them.

Q. They are intended for the public, aren't they?—A. They are.

Q. As a part of your advertising plan?—A. Yes, sir.

In La Montagne's Sons' case, the witness for the importers testified that his firm imported a large number of diaries issued by Gordon & Co., of London, containing an advertisement of gin, and that when these books are imported they are distributed. In answer to the question—

To what class of people?

He replied—

Generally to the private people; to the trade; they are privately distributed among private people.

Q. Any charge made for them?—A. None whatever.

---

[1] Reported in T. D. 35173 (28 Treas. Dec., 299).

On cross-examination he was asked if they were used for advertising matter and answered that they were. In answer to the question, "They are intended to be distributed to the public generally, are they?" he answered that they were.

The board overruled the importers' protest in each case on the ground that the importations were mere trade publications used for advertising purposes and not within the provisions for free entry contained in paragraph 517.

In this opinion we concur. This advertising matter was clearly not introduced for private circulation. Nothing could be more public than to furnish advertising matter to anyone who would accept it, and the evident purpose was to get the books into the hands of as many of the public as would be likely to be interested in the advertising matter. It is difficult to conceive any gratuitous publication which could be more generally public.

The case is clearly distinguishable from the cases cited in the brief for the importers, as in all these cases the publications were of a very different character from this. They were something more than mere advertising matter. They were books containing general information and were restricted in their issue to a particular class of people.

The decision of the board is *affirmed*.