VAN DOORN *v.* UNITED STATES (No. 2302).[1]

CONSTRUCTION, PARAGRAPH 425, TARIFF ACT OF 1913—"PUBLICATIONS * * * NOT ADVERTISING MATTER."

By paragraph 425, tariff act of 1913, admitting free "publications of individuals for gratuitous private circulation, not advertising matter," Congress did not intend to include publications the chief purpose of which was to advertise something. A book of merit called "Holland America," giving a historical account of shipping and other relations between Holland and North America, published and circulated gratuitously to excite interest here in foreign travel,

---

[1] T. D. 40063.

particularly to Holland, and to enhance the good will of the Holland America Steamship Line, whose display advertisements constitute at least half the volume, is "advertising matter" within the prohibition of the paragraph; and assessment under paragraph 329 as books is approved.

United States Court of Customs Appeals, March 3, 1924.

APPEAL from Board of United States General Appraisers, Abstract 45936.

[Affirmed.]

*Brooks & Brooks (Ernest F. A. Place* of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General (*Oscar Igstaedter*, special attorney, of counsel), for the United States.

[Oral argument February 13, 1924, by Mr. Frederick W. Brooks, jr., and Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

BLAND, Judge, delivered the opinion of the court:

Appellant appeals from the judgment of the Board of General Appraisers, which affirmed the assessment of duty at 15 per cent ad valorem under the provisions of paragraph 329 of the tariff act of 1913, on an importation of books entitled "Holland America." The protest claims the merchandise to be free of duty under the provisions of paragraph 425 of the same act. The competing paragraphs in part are as follows:

329. Books of all kinds, bound or unbound, * * * not specially provided for in this section, 15 per centum ad valorem.

425. (Free list.) * * * Publications of individuals for gratuitous private circulation, not advertising matter * * *.

Corresponding paragraphs in former tariff acts were similar, except in the act of 1913 the words "not advertising matter" were added to paragraph 425. All decisions cited in the briefs construed former acts, and some of them held that since the publications were by individuals and were for gratuitous private circulation, they came within the free-list paragraph regardless of the fact that they were advertising matter. As far as we have been able to learn, no judicial tribunal has ever attempted to construe paragraph 425 until this case arose.

It is a little difficult for us to determine what the importer relies upon here to sustain his contention. He calls attention to the fact that the cases of Roger & Gallet v. United States (5 Ct. Cust. Appls. 443; T. D. 34973) and Smith et al. v. United States (5 Ct. Cust. Appls. 523; T. D. 35173) were decided after the passage of the act of 1913, which was after the date Congress had added the words "not advertising matter." Since the court there was construing paragraphs of former acts under which the importations were made, we can not see where these cases are of any assistance in the decision of the case at bar. Appellant's counsel also contends that the text of the publication is matter of general information, and that

the advertisement in the front and back is secondary. He admits that the motive which prompted the distribution was to excite interest in foreign travel, particularly to Holland, and to " enhance the good will of the distributor." He states that it is difficult to conceive of an individual distributing any publication gratuitously without some purpose to serve; and that if the absence of any such purpose should be made the test, there would be no publication which would come within the purview of the statutory provision under consideration. Appellant seems to rely upon the proposition that since most, if not all, publications imported by individuals for gratuitous circulation would be in the nature of advertisement, Congress could not have meant to exclude them from the free-list provision. We can conceive of a philanthropic sentiment that might prompt an individual to import for gratuitous circulation a publication declaring a great scientific truth, or a new theory of government or religion, from which no monetary return was expected. The record discloses that the importer, an individual, imported these books for gratuitous private circulation. There seems to be no contention about their being publications.

The Board of General Appraisers, in affirming the assessment under section 329 at 15 per cent ad valorem, regarded the book as a meritorious work and did not question that it was imported by an individual for gratuitous private circulation, but held that it was primarily an advertising  medium of the Holland America Steamship Line, and that it was excluded from paragraph 425 since it .was advertising matter. The question as to how much display advertising matter might be included between the covers of a book, which was in itself in no sense an advertisement, is not before us. We think Congress did not intend that publications, the chief purpose of which was to advertise something, should be admitted under this paragraph. An examination of the sample before us discloses that the main portion of the book is as the board describes it:

The sample book in evidence herein shows it to be a meritorious work. It purports to give "an historical account of shipping and other relations between Holland and North America" and is profusely and elaborately illustrated with pictorial matter depicting the scenes of early expeditions and explorations treated therein.

In our judgment it is, however, primarily an advertisement of the Holland America Steamship Line and was published and circulated as such. Display advertisements in the front and back constitute at least half of the publication. .In adding the words "not advertising matter" to the free-list paragraph in the act of 1913 under discussion, we think Congress clearly intended that such publications as the one before us should not be entitled to free entry.

The judgment of the Board of General Appraisers is *affirmed.*