(C. D. 145)

B. WESTERMANN CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 13, 1939)

Brooks & Brooks (Ernest F. A. Place of counsel) for the plaintiff.

Webster J. Oliver, Assistant Attorney General (Joseph E. Weil, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This is a suit against the United States arising at the port of New York for the refund of certain customs duties alleged to have been improperly exacted on a certain importation of 1,600 books entitled "The Melliand." Duty was levied thereon at the rate of 15 per centum ad valorem under paragraph 1410 of the Tariff Act of 1930 as books of bona-fide foreign authorship, not bound in leather. It is claimed by plaintiff that said merchandise is properly entitled to free entry under the provision in paragraph 1629 of said act for "publications of individuals for gratuitous private circulation, not advertising matter."

There was admitted in evidence as Collective Exhibit 1 a sample of the merchandise in question. Said collective exhibit consists of a copy of the book, itself, a letter from the editor and publisher, one Marcel Melliand, to the person for whom the book was intended, and a cardboard container in which the book with the letter was enclosed.

On the flyleaf of the book there is written in pen and ink, "With compliments—Marcel Melliand," which, plaintiff's witness testified, was placed there to prevent the sale of the book by anyone who received it. An examination of the contents of said book discloses that it consists of a number of highly technical articles by different authors, dealing with the bleaching, dyeing, printing, and finishing of textiles. The said letter that accompanied the book states that it is a complimentary copy; and that it is presented for the purpose of ascertaining from the person obtaining it whether he would be interested in subscribing to a publication of such character if it were issued quarterly. On the cardboard container, included in said Collective Exhibit 1, there is pasted a paper label bearing the name of the editor and publisher with the words "Presentation copy," together with the following description:

> "The Melliand"—World Handbook For Textile
> Chemists
> And Colourists Bleachers, Dyers, Printers, Finishers
> And Textile Engineers.

At the bottom of said paper label there appears a red-ink rubber stamp bearing the name of the plaintiff.

The only testimony introduced herein was that of one Frederick Fasse, who stated he is connected with B. Westermann Co., Inc., the plaintiff corporation. He testified that the said corporation acted as agent for the foreign editor and publisher of the imported merchandise; that in its capacity as such said corporation cleared the instant merchandise through the American customs and placed American postage stamps thereon and mailed the books to the addressee indicated on the paper label pasted on the cardboard container of each book; and that its purpose in rendering such service was to obtain subscriptions for books of that character for the account of the said editor and publisher.

The witness further testified that each of the 1,600 books in question was imported in the condition represented by Collective Exhibit 1, except that the said red-ink rubber stamp was placed on the paper label after importation for the purpose of insuring the return to the plaintiff of any of the books where the addressee was not located. He further stated that there was no charge made or fee exacted of the persons receiving the books; that the individuals to whom the books were sent were selected by the foreign distributor from "some American textile catalogue"; and that the plaintiff had nothing to do with supplying the names of those who obtained the books.

Further testimony of the witness corroborated the contents of the letter, part of Collective Exhibit 1, to the effect that the book was contemplated as one of a series to be issued quarterly; and that the purpose of distributing this complimentary copy was to interest the recipients in subscriptions for such a publication.

At the conclusion of said witness's testimony, counsel for the defendant moved to dismiss the protest on the ground the proper party in interest was not before the court. Since it is established by uncontradicted testimony that the plaintiff was the duly authorized agent of the foreign editor and publisher of the imported merchandise, and that all of its actions in connection with the transaction involved herein were within the scope of such agency, the motion to dismiss is overruled. Exception to said ruling is allowed counsel for defendant.

We believe it is clearly demonstrated by the record before us that the books in question are publications of an individual; and that they were distributed gratuitously to certain selected persons interested in the processing of textiles. Hence, the only question left for our determination is whether the said books are to be regarded as advertising matter. If they are, then, under the very plain and unambiguous language employed in said paragraph 1629, they are not properly classifiable under said paragraph.

It has been repeatedly held that imported books and publications of individuals for gratuitous private circulation which promoted the sale of anything, either merchandise or a service, such as transportation

or foreign travel service, were advertising mediums and therefore excluded from tariff classification under the provision invoked herein by plaintiff. Citing *Van Doorn* v. *United States*, 12 Ct. Cust. Appls. 167, T. D. 40063; *Rohner Gehrig & Co.* v. *United States*, 53 Treas. Dec. 1032, Abstract 6092; *United States* v. *Silk Association of America*, 16 Ct. Cust. Appls. 566, T. D. 43296; and *United States* v. *American Railway Express Co. et al.*, 17 C. C. P. A. 10, T. D. 43317.

The case cited with approval by plaintiff is that of *Merck & Co.* v. *United States*, 53 Treas. Dec. 1045, Abstract 6171, wherein a certain publication entitled "E. Merck's Annual Report of Recent Advances in Pharmaceutical Chemistry and Therapeutics" was held to be properly entitled to free entry under paragraph 1528 of the Tariff Act of 1922, which contained the identical provision under which the instant merchandise is claimed to be properly classifiable. In reaching its conclusion in said case, the court stated:

Plaintiffs' witness testified, and his statement stands uncontradicted, that "this is the same character of publication * * * and a continuation of the series as covered by the decision * * * T. D. 19452, G. A. 4169." We there described the publication as follows:

The report professes to summarize, to present and discuss, the various pharmaco-therapeutic discoveries of the year, and according to the testimony, is published for gratuitous circulation to physicians and pharmacists.

That characterization of the work is corroborated by the sample in evidence. It is evident that it was intended primarily for instructive and informative purposes. In no sense of the term could it be regarded as an advertising medium. The data or information contained therein are designed to promote the pharmaceutical and chemical industries by disseminating the results obtained through experiments, etc., in those sciences.

But the cited case, in our opinion, is distinguishable from the one before us. There, the evidence was clear that the publication was intended primarily for instructive and informative purposes to promote the pharmaceutical and chemical industries. Here, it is evident that the intention of the foreign editor and publisher in distributing the books in question was to interest textile technologists in subscriptions for works of like character. It is true, as stated by counsel for the plaintiff in his brief, that there is nothing in the *per se* contents of the book in question to indicate that it is intended to promote the sale of anything, or that it is an advertising medium. But we do not believe that the law requires that a book or publication expressly indicate that it is advertising matter. The letter that accompanied the book, together with the testimony of plaintiff's witness, clearly shows that the primary purpose of the distributor was to procure subscribers for subsequent issues of similar publications at the rates set forth in the said letter.

Counsel for the plaintiff in his brief further argues that—

It is difficult to conceive of any publication being distributed gratuitously without the distributor having in mind some purpose which he desires to have

served.    If such a purpose is to be considered as advertising matter, the provision in Paragraph 1629 would have no field of operation.

In disposing of the same point that was raised in the *Van Doorn* case, *supra,* our appellate court said:

Appellant seems to rely upon the proposition that since most, if not all, publications imported by individuals for gratuitous circulation would be in the nature of advertisement, Congress could not have meant to exclude them from the free-list provision.    We can conceive of a philanthropic sentiment that might prompt an individual to import for gratuitous circulation a publication declaring a great scientific truth, or a new theory of government or religion, from which no monetary return was expected.

On the basis of the record before us, and in the light of the cited authorities, it is our opinion that the books in question are advertising matter as contemplated by paragraph 1629 of the Tariff Act of 1930, and as such are excluded from tariff classification under said paragraph.

The protest is therefore overruled and the decision of the collector affirmed.    Judgment will be rendered accordingly.